United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 21, 2005**

Charles R. Fulbruge III
Clerk

REVISED JUNE 29, 2005
IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41352
Summary Calendar

_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

ALAN SHELBY

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:03-CR-240-ALL
--------------------

Before KING, Chief Judge, and JONES and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Alan Shelby, a federal inmate, appeals his sentence following his guilty plea to the offense of being an inmate in possession of a prohibited object, to wit: heroin, in violation of 18 U.S.C. § 1791(a)(2). Shelby argues that his sentence must be vacated in light of United States v. Booker, 125 S. Ct. 738 (2005).

Booker, 125 S. Ct. at 756, held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."  Booker also struck down 18 U.S.C. § 3553(b)(1) and thus rendered the Guidelines advisory only.  Id. at 764-65.

The district court based Shelby's sentence on its findings that Shelby's possession of heroin was for the purpose of distribution within the prison, and it calculated his offense level accordingly.  The district court also applied a sentencing enhancement for obstruction of justice because Shelby escaped from custody while awaiting sentencing in this case.  Shelby did not admit these facts in the district court and objected to the enhancements on Sixth Amendment grounds.  Shelby's 57-month sentence exceeded the maximum sentence that could have been imposed based solely on his plea and constituted a Sixth Amendment violation under Booker.  See Booker, 125 S. Ct. at 769.

When, as here, the defendant has preserved his error, we will ordinarily vacate the sentence and remand, unless we can say that the error is harmless under FED. R. CRIM. P. 52(a).  See United States v. Akpan, __ F.3d __, No. 03-20875, 2005 WL 852416 at *11 (5th Cir. Apr. 14, 2005).  Under this standard, the Government bears the burden of demonstrating beyond a reasonable doubt that the constitutional error did not contribute to the defendant's sentence.  Id. at *12.  Were we to review Shelby's sentence for harmless error, we would find that the error here

was harmful.  Although the Government asserts that the error was harmless, we cannot say beyond a reasonable doubt that the mandatory nature of the Sentencing Guidelines at the time of Shelby's sentence did not contribute to the sentence that he received.  See id. at *12.  Accordingly, Shelby's sentence must be vacated and remanded for resentencing.

VACATED AND REMANDED.